# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-16-00262-CV
NO. 03-16-00264-CV

**Stacey Hammer, Appellant**

**v.**

**University Federal Credit Union; Wayne Morgan a/k/a El Campo Real Estate, LP a/k/a The Morgan Children, Inc. a/k/a Preferred Properties; Venessa Zapata Peters; and Kerry L. Haliburton, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-15-000557, HONORABLE KARIN KRUMP, JUDGE PRESIDING

## O R D E R

PER CURIAM

Appellant Stacy Hammer seeks to appeal (1) a summary judgment signed by the trial court on August 18, 2015, dismissing Hammer's claims against certain appellees (University Federal Credit Union, Venessa Zapata Peters, and Kerry Haliburton) and awarding these appellees $10,000 in attorney's fees, and (2) a final judgment signed on January 12, 2016, dismissing Hammer's remaining claims against the remaining defendant (Wayne Morgan a/k/a The Morgan Children, Inc. a/k/a Preferred Properties) and assessing $37,599.80 as an award of sanctions.

The record has not been filed in this appeal. Both the district clerk and the court reporter have informed the Clerk of this Court that Hammer has not paid for preparation of the record. In response to the Clerk's inquiry regarding payment, Hammer informed the Court that she

filed an affidavit of indigence under Texas Rule of Appellate Procedure 20.1, seeking to proceed without advance payment of costs. *See* Tex. R. App. P. 20.1 (procedure when party is indigent).

Accordingly, we ordered a partial record containing all documents related to Hammer's claim of indigence. The partial record shows that Hammer filed an affidavit of indigence in the trial court on the same day that she filed her notice of appeal. *See* Tex. R. App. P. 20.1(c) (appellant must file affidavit of indigence in trial court with or before the notice of appeal). The bottom of Hammer's affidavit of indigence is marked: "denied 5/12/2016." The record, however, does not reveal that a timely contest to Hammer's affidavit of indigence was ever filed or ruled upon. *See* Tex. R. App. P. 20.1(e) (providing that contest to indigence "must be filed . . . within 10 days after the date when the affidavit was filed if the affidavit was filed in the trial court").

Rule 20.1 provides that "[u]nless a contest [to an affidavit of indigence] is timely filed, no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advanced payment of costs." Tex. R. App. P. 20.1(j). If a timely contest to the affidavit is filed, a hearing on the contest must be conducted within 10 days (subject to extension) and an order on the contest signed. *See* Tex. R. App. P. 20.1(i)(2) (trial court must either conduct a hearing or sign an order extending the time to conduct hearing within 10 days after contest was filed). "Unless within the time period set for the hearing—the trial court signs an order sustaining the contest, . . . the party will be allowed to proceed without advance payment of costs." Tex. R. App. P. 20.1(i)(4).

Here, Hammer timely filed an affidavit of indigence, but no timely contest was filed and, consequently, no hearing was conducted and no order sustaining a contest was timely signed.

Accordingly, we order that Hammer be allowed to proceed without advance payment of costs, as required by Rule 20.1.  The reporter's record and clerk's record shall be filed with the Clerk of this Court no later than October 3, 2016.

It is ordered on September 2, 2016.


Before Justices Puryear, Pemberton, and Field